```
            IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF MONTANA

                     BILLINGS DIVISION
    _____

JANET DENISE STOKES,            )   Cause No. CV 06-79-BLG-RFC-RWA
                                )
        Plaintiff,              )
                                )   ORDER AND
     vs.                        )   FINDINGS AND RECOMMENDATION
                                )   OF U.S. MAGISTRATE JUDGE
JOHN E. POTTER, Postmaster      )
General, for JOHN HEIDEMA,      )
HEATHER WEIAND, JASON HIRST,    )
DORA FELICIONI, JIM SPITZER,    )
DENNIS KAUTZ, and TOM LOSE,     )
                                )
        Defendants.             )
    _____
```

On June 19, 2006, Plaintiff Janet D. Stokes filed this action alleging wrongful discharge, libel, treason, and covertness against the United States Postal Service and some of its employees. Stokes is proceeding pro se.

On November 13, 2006, Stokes was given an opportunity to supplement her Complaint. The Court explained certain points relating to the parties sued, the time at which suit was brought and exhaustion of administrative remedies, the elements of libel, the vagueness of her allegation of gender discrimination, and the relief requested. Stokes supplemented her Complaint on November

ORDER AND
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

27, 2006.

## I. Preliminary Screening

The case is still at the preliminary screening stage. Pursuant to the federal statute governing proceedings *in forma pauperis*, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(A), (B).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the

courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Stokes's Allegations

Stokes was employed as a letter carrier by the United States Postal Service. Her employment was terminated on October 6, 2004, within the probationary period. *See* Compl. (doc. 1) at 9; Supp. (doc. 8) at 8. She asserts that she is suing the Postmaster General "for" various USPS employees who worked at the Billings Post Office. *See id*. at 1.

## III. Analysis

Stokes's Complaint does not state a claim on which relief may be granted and cannot be amended to do so.

### A. Statute of Limitations

To preserve her ability to bring suit in this Court, Stokes was obliged to seek counseling with the Equal Employment Opportunity Commission within 45 days of any alleged discriminatory acts. *See* 29 C.F.R. § 1614.105(a)(1). Once the internal counseling process concludes, a claimant has only 15 days to file a formal charge with the EEOC. *Id*. § 1614.105(d). *See also Vinieratos v. United States Dep't of the Air Force*, 939 F.2d 762, 771-72 (9th Cir. 1991).

Under Montana's Wrongful Discharge from Employment Act, Stokes was required to bring suit within one year of her discharge. *See*

ORDER AND
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Mont. Code Ann. § 39-2-911(1)(2003).  The limitations period is generally tolled while the employer's internal remedies are exhausted, but the limitations period may not be extended more than 120 days beyond one year.  *Id*. § 911(2).

In light of the time constraints and exhaustion requirements involved in a case like Stokes's, the Court asked her to clarify what she meant by "everything that has transpired up to this point."  The phrase seemed to indicate that she had at least attempted to pursue her administrative remedies.  However, her Supplement explains that she "coined this phrase so that I would be assured that I would be able to use in court everything I had witnessed, filmed, and learned since I was fired."  In other words, it does not mean that she was pursuing other standard legal remedies.

Stokes was fired on October 6, 2004.  She brought suit in this Court on May 25, 2006.  Any claims for discrimination of any kind, as well as any claims that her employment was unlawfully terminated, are time-barred.

**B. Libel/Defamation**

Given the time bars against her other claims, the only potentially timely claim Stokes could make would be libel.[1]

---

[1] The Court set forth the elements of libel because Stokes's Complaint alleges "libel," "treason," "extortion," and "covertness."  *See, e.g.*, Compl. at 7, ¶ IV.A.1(a)-(g).  There is

ORDER AND
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Libel, however, or any defamation claim, must involve language or other representations that "expose[] any person to hatred, contempt, ridicule or obloquy or which causes him to be shunned or avoided or which has a tendency to injure him in his occupation." Mont. Code Ann. § 27-1-802 (2003) (libel). The test for defamation is a stringent one, meaning that not just any hurtful or negative comments constitute defamation. As was previously explained:

> Defamatory words to be actionable ... must be of such a nature that the court can presume as a matter of law that they will tend to *disgrace and degrade* the plaintiff or cause [her] to be *shunned and avoided*. It is not sufficient, standing alone, that the language is unpleasant and annoys or irks [her], and subjects [her] to jests or banter, so as to affect [her] feelings.

*Frigon v. Morrison-Maierle, Inc.*, 760 P.2d 57, 62 (Mont. 1988) (emphasis added), *overruled on other grounds by Sacco v. High Country Indep. Press, Inc.*, 896 P.2d 411 (Mont. 1995) (quoting *Wainman v. Bowler*, 576 P.2d 268, 271 (Mont. 1978)) (internal brackets omitted). In other words, libel law does not punish harsh criticism, nasty tone, or rudeness. It only reaches specific, highly injurious instances of reputational damage.

Stokes was required to set forth in her Supplement the comments that she claims were defamatory. Nothing in the

---

no civil cause of action that provides a remedy for a defendant's treason or covertness against an individual. The acts called "extortion" in Stokes's Complaint do not amount to extortion. *See id*. at 9, ¶ IV.A.1(u).

ORDER AND
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

Supplement supports a claim for defamation or any other actionable insult.  As an example of the nature of the remarks at issue, Stokes says:

> August 21, 2004:  Jason Hirst literally ridiculed me, a rooky, for not casing the mail faster.  He said in a contemptuous, malicious, belittling fashion, "You are to have one foot of these flats cased in ten minutes.  You had better hurry up.  I'm going to have to have someone come and help you because you will never get out of here."  I was horrified.  It was my first time casing that route.  I was told that all I needed to do is show progression in my casing speed on a route that I had been working on over a period of time.

Supp. at 3, ¶ 12.  Stokes labels this incident "treason."  *See* Compl. at 7, ¶ IV.A.1(c).  The Court is required to liberally construe pro se pleadings, so the allegation must be assessed to determine whether it could support *any* cause of action.  It could not.

> Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people.  The law intervenes only where the distress inflicted is so severe that no reasonable person could be expected to endure it.

Restatement (Second) of Torts § 46 comment j (1965).[2]

Stokes's Complaint and Supplement plainly show that she was not asked to endure anything that a reasonable person could not be expected to endure in a new, stressful, demanding job.  There was

---

[2]  Although the Restatement's comment applies to the tort of infliction of emotional distress, its observation is pertinent here.

ORDER AND
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

no libel, no other form of defamation, and no other legally cognizable injury in the statements or comments of her supervisors or fellow employees. The alleged falsity of the statements could be relevant only in a cause of action for wrongful discharge, a claim that is time-barred. The Complaint should be dismissed with prejudice because Stokes cannot state a claim on which relief may be granted. Her motion for the appointment of counsel is moot because a lawyer could not successfully state a claim.

## ORDER

Based on the foregoing, IT IS ORDERED that Stokes's motion for counsel (doc. 4) is MOOT.

## RECOMMENDATION

The undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), also **RECOMMENDS** that Stokes's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted. The Court should also certify, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this decision would not be taken in good faith.

The Clerk of Court shall serve a copy of the Order and Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within ten (10) days

after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

     Stokes must immediately inform the Court of any change in her mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to her.

     DATED this 1st day of December, 2006.

                                        /s/ Richard W. Anderson
                                        Richard W. Anderson
                                        United States Magistrate Judge